UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-11921-RGS

ERIC LUMPKIN,

v.

KATHI LUCEY, JAMES CLIFFORD, THOMAS DANIELS,
the SPRINGFIELD POLICE DEPARTMENT,
WILLIAM. J. FITCHET, and WILLIAM BENNETT

MEMORANDUM AND ORDER

May 4, 2010

STEARNS, D.J.

Plaintiff Eric Lumpkin brings this action against prosecutors, police, and witnesses complaining of a conspiracy to violate his civil rights. For the reasons set forth below, Lumpkin will have 42 days to show good cause to why his Complaint should not be dismissed.

BACKGROUND

Lumpkin, an inmate at the Massachusetts Correctional Institution in Concord, Massachusetts, filed his self-prepared Complaint seeking declaratory and monetary relief under 42 U.S.C. §§ 1983, 1985; 18 U.S.C. §§ 241, 242 ; and a state law claim under the Massachusetts Civil Rights Act, Mass. Gen. Laws ch. 12, § 11I. Lumpkin named the following six defendants: Assistant District Attorney (ADA) Kathi Lucey; Drug Enforcement Administration (DEA) Agent James Clifford; witness Thomas Daniels; the Springfield Police Department; Springfield Police Commissioner William Fitchet; and Hampden District Attorney William Bennett.

Lumpkin alleges that while babysitting at his girlfriend's house on December 10, 2007, he received a telephone call from defendant Thomas Daniels (who is the father of Lumpkin's sister's child).  Daniels asked Lumpkin to borrow a key to his sister's house (Daniels "had lost his").  Daniels retrieved the key from Lumpkin.  Lumpkin alleges that thirty minutes later the police knocked down the front door to his girlfriend's house with a battering ram and proceeded to conduct "a warrantless search" in which they discovered drugs.  The police placed Lumpkin under arrest and took him to the Springfield police station.   Without detail as to the connection between the two events, Lumpkin avers that Daniels also was apprehended that evening and found to be in possession of a handgun and over 4,000 grams of cocaine.

Lumpkin avers that ADA Lucey, DEA agent Clifford and Daniels conspired to violate his civil rights.  Allegedly Daniels made an agreement with Lucey to testify against Lumpkin on the conspiracy charge.  As a consequence, Daniels was not prosecuted for his firearm and narcotics violations.  Although Lumpkin maintained his innocence, he claims that his criminal defense attorney "advised him to enter a guilty plea so that he would receive a more favorable sentence."  Lumpkin complains that Clifford provided perjured testimony to the trial court to gain Lumpkin's conviction.  Lumpkin asserts that Springfield Police Commissioner William Fitchet and Hampden District Attorney William Bennett must be "held accountable for the unlawful actions of their subordinates." Compl. ¶ 18.

## SCREENING

Because Lumpkin is a prisoner proceeding in forma pauperis, his Complaint is subject to preliminary screening under 28 U.S.C. § 1915  (proceeding in forma pauperis)

and 28 U.S.C. § 1915A (screening of suits against governmental officers and entities). Section 1915 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).  Section 1915A also permits the court to review prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity and to dismiss the action regardless of whether or not the plaintiff has paid the filing fee, if it lacks an arguable basis in law or fact, fails to state a claim, or seeks relief from a defendant immune from such relief.  28 U.S.C. § 1915A.

To survive preliminary screening, the factual allegations must "possess enough heft" to set forth "a plausible entitlement to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557, 559 (2007); Thomas v. State of Rhode Island, 542 F.3d 944, 948 (1st Cir. 2008).  In determining whether a complaint states a claim for relief, a court is not "bound to accept as true a legal conclusion couched as a factual allegation."  Twombly, 550 U.S. at 555, quoting Papasan v. Allain, 478 U.S. 265, 286 (1986).  See also Morales-Tañon v. P.R. Elec. Power Auth., 524 F.3d 15, 18 (1st Cir. 2008) (a plaintiff must plead "more than labels and conclusions" and the factual allegations must be sufficient to "raise a right to relief above the speculative level.").  Pleadings that "are no more than conclusions, are not entitled to the assumption of truth." Sanchez v. Pereira-Castillo, 590 F.3d 31, 49 (1st Cir. 2009), quoting Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009).

3

DISCUSSION

I.  The Civil Rights Claims Under 42 U.S.C. § 1983

Section 1983 imposes civil liability on an individual who "under color [of state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983.

   A.  The Springfield Police Department

Lumpkin's claim against the Springfield Police Department is subject to dismissal. It is well established that a municipal police department is not subject to suit under Section 1983. See Henschel v. Worcester Police Dep't, 445 F.2d 624, 624 (1st Cir. 1971) (police department is not a suable entity); Dwan v. City of Boston, 329 F.3d 275, 278, n.1 (1st Cir. 2003) (same). The Springfield Police Department is not an independent legal entity, but a department within the City of Springfield, and therefore does not qualify as a proper party defendant to this lawsuit. See Curran v. City of Boston, 777 F. Supp. 116, 120 (D. Mass. 1991) (dismissing civil rights claim brought under 42 U.S.C. § 1983 against the Boston Police Department). Rather, the municipality is the proper defendant. Henschel, 445 F. 2d. at 624.

   B.  The Police Commissioner and District Attorney

Lumpkin's claims against Police Commissioner Fitchet and District Attorney Bennett are subject to dismissal because there is no respondeat superior liability in Section 1983 actions. "It is well-established that 'only those individuals who participated in the conduct that deprived the plaintiff of his rights can be held liable'" under Section 1983. Velez-Rivera v. Agosto-Alicea, 437 F.3d 146, 156 (1st Cir. 2006), quoting Cepero-Rivera v. Fagundo,

414 F.3d 124, 129 (1st Cir. 2005).  "In Section 1983 cases,'supervisors are not automatically liable for the misconduct of those under their command.  A plaintiff must show an affirmative link between the subordinate [employee] and the supervisor, whether through direct participation or through conduct that amounts to condonation or tacit authorization.'" Velez-Rivera, 437 F.3d at 156, quoting Carmona v. Toledo, 215 F.3d 124, 132 (1st Cir. 2000).

Moreover, in Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978), the United States Supreme Court recognized that a local government "cannot be liable *solely* because it employs a tortfeasor-or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."  Id.  Rather, a municipality can be held liable for any constitutional deprivations suffered by a plaintiff only if "there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation."  City of Canton, Ohio v. Harris, 489 U.S. 378, 385 (1989) (public employers are under a constitutional duty to train employees in a way that is not deliberately indifferent to foreseeable risks of constitutional violations).

Here, the Springfield Police Commissioner and the Hampden County District Attorney may not be held liable under Section 1983 for the acts of their employees because there is no respondeat superior liability for the actions or inactions of others with respect to his constitutional rights.  "[A] plaintiff seeking to impose liability on a municipality [must] identify a municipal policy or custom that caused the plaintiff's injury."  Bd. of the County Com'rs of Bryan County v. Brown, 520 U.S. 397, 403 (1997) (internal quotation marks omitted). "Locating a 'policy' ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those

officials whose acts may fairly be said to be those of the municipality." Id. at 403-404, citing Monell, 436 U.S. at 694. "Similarly, an act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." Id. A "custom, or usage," of a state for Section 1983 purposes "must have the force of law by virtue of the persistent practices of state officials." Adickes v. S.H. Kress & Co., 398 U.S. 144, 167 (1970). Whether liability is premised on the existence of a policy or a custom, the municipality's liability can be predicated "only [upon] acts for which the municipality itself is actually responsible. . . ." City of St. Louis v. Praprotnik, 485 U.S. 112, 123 (1988). "[O]nly those municipal officials who have 'final policymaking authority' may by their actions subject the government to § 1983 liability." Id., quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 483 (1986).

Here, Lumpkin has not set forth claims sufficiently asserting any direct liability by Fitchet or Bennett, nor has he demonstrated an affirmative link between an employee action and Fitchet or Bennett. Lumpkin has not alleged that any particular decision, policy, or custom caused an alleged deprivation of his rights. Accordingly, the Complaint fails to state a Section 1983 claim against Police Commissioner Fitchet and District Attorney Bennett and the claims against these defendants are subject to dismissal.

    C.    <u>The Assistant District Attorney</u>

The claims against defendant Assistant District Attorney Lucey are subject to dismissal because Lucey is entitled to absolute prosecutorial immunity for her actions in connection with the prosecution of Lumpkin and/or the lack of prosecution of Daniels. See Imbler v. Pachtman, 424 U.S. 409, 422 (1976) (absolute judicial immunity extends to

prosecuting attorneys acting within the scope of their official duties); Reid v. State of N.H., 56 F.3d 332, 337 (1st Cir. 1995) (same).

"The law is settled that 'prosecutors are absolutely immune from liability under § 1983 for their conduct in 'initiating a prosecution and in presenting the State's case' . . . insofar as that conduct is 'intimately associated with the judicial phase of the criminal process' . . ." Miller v. City of Boston, 297 F. Supp. 2d 361, 370 (D. Mass. 2003). "Without absolute immunity, 'harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties, and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust.'" Id. at n.79, quoting Imbler, 424 U.S. at 423. "The protections of absolute immunity, moreover, extend to actions that occur prior to a formal court proceeding and outside of a courtroom." Id. at n.82.

Here, although Lumpkin contends defendant Lucey's actions were vindictive or otherwise wrongful, her actions occurred within the scope of her prosecutorial duties in the course of his criminal prosecution.

### D. The Drug Enforcement Administration Agent

Plaintiff's claim against defendant Clifford, a Drug Enforcement Administration ("DEA") agent, is subject to dismissal because Clifford is protected by absolute immunity from civil suit. Because Lumpkin is a pro se litigant, the Court construes the claims against defendant Clifford as brought pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).[1] The Complaint alleges that Clifford, as an

---

[1]Bivens allows a person to recover monetary damages against a federal official who is responsible for injury to a constitutionally-protected interest.

agent of the federal government, violated Lumpkin's constitutional rights by testifying falsely in a criminal proceeding.

Clifford is subject to absolute immunity from suit for testimony given in court. In Briscoe v. LaHue, 460 U.S. 325 (1983), the Supreme Court recognized in a case brought under Section 1983 that "the common law provided absolute immunity from subsequent damages liability for all persons-governmental or otherwise-who were integral parts of the judicial process." Id. at 335. This immunity includes witnesses who testify during trial, and the Court in Briscoe specifically refused to create an exception for police officers testifying at criminal trials:

> [O]ur cases clearly indicate that immunity analysis rests on functional categories, not on the status of the defendant. A police officer on the witness stand performs the same functions as any other witness; he is subject to compulsory process, takes an oath, responds to questions on direct examination and cross-examination, and may be prosecuted subsequently for perjury.
>
> *****
>
> Moreover, to the extent that traditional reasons for witness immunity are less applicable to governmental witnesses, other considerations of public policy support absolute immunity more emphatically for such persons than for ordinary witnesses.

Id. at 342-343.

Here, Lumpkin's allegations that Clifford falsely testified at Lumpkin's criminal trial fit squarely within the type of activity contemplated by Briscoe. Accordingly, the claims against Clifford are subject to dismissal because Clifford is absolutely immune based on testimony he gave in Lumpkin's criminal trial.

E. <u>The Private Party Defendant Thomas Daniels</u>

Lumpkin's claims against Daniels are subject to dismissal because (1) as a private party he was not acting under color of state law, and (2) Lumpkin failed to sufficiently allege a conspiracy. Although Section 1983 ordinarily does not create a right of action against private parties, private conduct may be deemed to be "under color of state law" when it is "fairly attributable" to the state. <u>Lugar v. Edmondson Oil Co., Inc.</u>, 457 U.S. 922, 937 (1982) (discussing state action requirement). Here, the Complaint fails to set forth sufficient facts from which state action reasonably could be inferred.

Although Lumpkin alleges a "conspiracy" between Daniels, the prosecuting attorney and the DEA agent, the Complaint contains no allegations of fact suggesting that the defendants conspired to violate plaintiff's constitutional rights. To present an adequate conspiracy claim, there must be allegations of (1) an agreement between two or more state actors, or "a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." <u>See Ciambriello v. County of Nassau</u>, 292 F.3d 307, 324-25 (2d Cir. 2002), citing <u>Pangburn v. Culbertson</u>, 200 F.3d 65, 72 (2d Cir. 1999). "[C]omplaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed." <u>See Ciambriello</u>, 292 F.3d at 325, quoting <u>Dwares v. City of N.Y.</u>, 985 F.2d 94, 100 (2d Cir. 1993). <u>See also Walker v. Jastremski</u>, 430 F.3d 560, 564 n. 5 (2d Cir. 2005) ( "[C]onclusory or general allegations are insufficient to state a claim for conspiracy under § 1983. . . ."); <u>Olmeda v. Babbits</u>, 2008 WL 282122, at *6 (S.D.N.Y. 2008) ("Given [his] conclusory and unsupported allegations, [Plaintiff] has not met his burden of pleading a conspiracy").

9

Here, mere assertions, without more, cannot establish cognizable legal claims, nor can the simple use of the term "conspiracy" be sufficient to create a claim, without an underlying factual basis for the assertion. Allegations by Lumpkin that Daniels agreed to a plea deal for himself simply do not permit an inference, even under a broad reading of the Complaint, of an agreement to deprive Lumpkin of his rights.

Finally, to the extent Lumpkin brings this action against Daniels for testimony given during Lumpkin's trial under <u>Briscoe</u>, <u>see</u> <u>supra.</u>, ¶ I(D), Daniels is absolutely immune from suit for such testimony. Thus, the claims against Daniels are subject to dismisssal.

II.     <u>The Conspiracy Claims Under 42 U.S.C. § 1985</u>

In addition to his claims under 42 U.S.C. § 1983, Lumpkin asserts a claim for violation of 42 U.S.C. § 1985. Section 1985 of Title 42 concerns conspiracies to violate civil rights. Section 1985(1) deals with conspiracies to prevent persons from holding office or performing duties of a public office. Section 1985(2) pertains to conspiracies to obstruct justice or to interfere with witnesses. Section 1985(3) deals with conspiracies intended to deprive an individual or class of persons of protected rights based on "'some racial, or perhaps otherwise class-based, invidiously discriminatory animus.'" <u>Aulson v. Blanchard</u>, 83 F.3d 1, 3 (1st Cir. 1996), quoting <u>Griffin v. Breckenridge</u>, 403 U.S. 88, 102 (1971).

Because Lumpkin has made no allegation which even inferentially indicates that any defendant has conspired against him in order to prevent the holding or performance of duties related to a public office, to obstruct justice, or that the defendants were motivated by any class-based, invidiously discriminatory animus, plaintiff's claims under Section 1985 must be dismissed. <u>Siaca v. Autoridad de Acueductos y Alcantarillados de Puerto Rico</u>, 160 F. Supp. 2d 188, 203-204 (D. P.R. 2001). <u>See</u> <u>also</u> <u>Romero-Barcelo v. Hernandez-</u>

Agosto, 75 F.3d 23, 35 (1st Cir. 1996) (conclusory statements are insufficient to support a § 1985(3) claim); accord Slotnick v. Staviskey, 560 F.2d 31, 33 (1st Cir. 1977).

III.     The Claims Under 18 U.S.C. §§ 241, 242

To the extent Lumpkin brings this action pursuant to 18 U.S. C. §§ 241, 242, as a private citizen, he lacks standing to bring a criminal suit on his own behalf.  Federal courts do not have jurisdiction over cases prosecuted in the name of the United States unless they are prosecuted by the United States Attorney.  Section 547 of title 28 states that "[e]xcept as otherwise provided by law, each United States attorney, within his district, shall (1) prosecute all offenses against the United States."  28 U.S.C. § 547(1) (emphasis added).

Lumpkin Plaintiff does not have standing to bring a criminal action because no statute authorizes him to do so.  Kennan v. McGrath, 328 F.2d 610, 611 (1st Cir. 1964) (per curiam); accord Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (stating that only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241-242); Stone v. Warfield, 184 F.R.D. 553, 555 (D. Md. 1999) (stating that individual citizens have no private right of action to institute federal criminal prosecutions).  Cf. 28 U.S.C. § 516 (conduct of litigation in which the United States is a party is reserved to officers of the Department of Justice, under the direction of the Attorney General).  Thus, Lumpkin's claims under Sections 241 and 242 of Title 18 are subject to dismissal.

IV.     The Claims For an Unconstitutional Conviction

In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that where a prisoner seeks damages for an allegedly unconstitutional conviction, he has no cause of action under Section 1983 because the success of the suit would effectively invalidate the prisoner's underlying conviction and sentence.  Id. at 486-487.   See also Figueroa v.

11

Rivera, 147 F.3d 77, 80 (1st Cir. 1998).  In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a Section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.  Id. at 486.

Here, the success of Lumpkin's suit would necessarily imply the invalidity of his criminal conviction because he is claiming that a conspiracy involving the prosecuting attorney and other witnesses resulted in his conviction.  He has not alleged that an authorized tribunal or executive body overturned or otherwise invalidated his conviction.  Consequently, Lumpkin's claims are subject to dismissal because they are barred by Heck.

V.     The State Law Claim

Because the court is likely to dismiss the federal claims against the defendants for the reasons stated above, supra, ¶¶ I - IV, grounds no longer exist for federal subject matter jurisdiction over Lumpkin's state civil rights claim.  Under 28 U.S.C. § 1367, a "district court may decline to exercise supplemental jurisdiction" if "the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  See also Claudio-Gotay v. Becton Dickinson Caribe, Ltd., 375 F.3d 99, 105 (1st Cir. 2004), citing Rodriguez v. Doral Mortgage Corp., 57 F.3d 1168, 1177 (1st Cir. 1995) ("As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims.").  Here, the court will decline to exercise pendent jurisdiction over Lumpkin's state law claim.

## ORDER

For the foregoing reasons, within 42 days of the date of this Order, Lumpkin must show cause why his action should not be dismissed for the reasons stated above, or he shall file an Amended Complaint that cures the deficiencies of the original Complaint.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE